IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,       )
                                )    2:09-cr-00421-GEB-1
               Plaintiff,       )
                                )
          v.                    )    ORDER
                                )
VI TRUONG,                      )
                                )
               Defendant.       )
_____ )

          Defendant Truong moves for suppression of "the evidence seized during the execution of search warrants at Amador County parcel 3101011600, site address 25500 Highway 88, Pioneer, CA[, ('Eng Land'),] and Amador County parcel 031010015-000[ ('BLM Land')], and any fruits thereof, be suppressed in any future proceedings." (Def.'s Notice of Mot. 1:20-23.) Truong also "moves for an evidentiary hearing on the grounds that the affidavit in support of the search of the aforementioned parcels . . . is unclear as to both probable cause and scope[,]" and "a Franks evidentiary hearing on the grounds that the warrant affidavit suffers from material omissions." Id. 1:24-2:2. The government opposes Truong's motion and argues an evidentiary hearing is not required. (ECF No. 107.)

          "A search warrant, to be valid, must be supported by an affidavit establishing probable cause. . . . Probable cause determinations are to be made by viewing the totality of the

circumstances set forth in the affidavit." <u>United States v. Stanert</u>, 762 F.2d 775, 778 (9th Cir. 1985) (internal quotation marks and citation omitted). "A finding of probable cause warrants 'great deference' from the reviewing court." <u>United States v. Goossens</u>, 420 F. App'x 665, 666 (9th Cir. 2011) (quoting <u>United States v. Hay</u>, 231 F.3d 630, 634 n.4 (9th Cir. 2000)). The reviewing court "may not reverse such a conclusion unless the magistrate judge's decision is clearly erroneous." <u>Stanert</u>, 762 F.2d at 779.

Truong argues the affidavit does not establish probable cause since it is based on "warrantless searches conducted by law enforcement." (Def.'s Mot. 7:15-16.) Specifically, Truong argues "the affidavit provides none of the relevant facts that [would] allow [a court] to conclude that the aerial surveillance was reasonable." <u>Id.</u> 9:11-13. Truong supports this argument by citing authority concerning an individual's reasonable expectation of privacy in the airspace above his or her property. However, this argument is inapposite since the aerial surveillance described in the affidavit was conducted by BLM agents over BLM land: "agents observed . . . outdoor marijuana plants being cultivated and they confirmed that this marijuana grow was . . . occurring on land owned by the United States government and administered by the BLM[.]" <u>Id.</u> Ex. A, ¶ 11. Truong also characterizes the July 2009 ground surveillance, as a warrantless search; however, this conclusory argument is insufficient to support Truong's contention. Further, the affiant avers that the surveillance was conducted on BLM land.

Truong also argues that "the affidavit does not contain any concrete facts to connect the [Eng land] with the BLM land upon which marijuana was allegedly grown. Instead, it attempts to conflate the two parcels with speculation and either vague or conclusory language."

2

1    (Def.'s Mot. 7:10-13.) Truong further argues "the Affiant relies on
2    ambiguous and vague language that merely suggests association by virtue
3    of proximity . . . ." Id. 11:8-10. However, the affidavit states, *inter*
4    *alia*, that during ground surveillance on the BLM land, "[a]gents also
5    noted that [the BLM] grow site was fed by a sophisticated system of
6    pipes and hoses running from a large holding tank pool . . . .
7    Significantly, the tank pool was fed by a new well tank and pump located
8    on a well site located on the property bordering the BLM land to the
9    north . . . ." (Def.'s Mot. Ex. A ¶ 13.) The affidavit further states
10   that "[a]ccording to queries within multiple property databases
11   containing public records, the property on which the well site was
12   located was identified as Amador County parcel 3101011600 . . . and was
13   owned by Martin Lee ENG . . . ." Id. ¶ 14.

14        Therefore, the affidavit provides specific information
15   connecting the two adjacent parcels of land. Since Truong has not shown
16   that the Magistrate's probable cause determination is clearly erroneous,
17   his motion to suppress is denied. Further, since Truong has not shown
18   that there are "contested issues of fact going to the validity of the
19   search . . . in issue[,]" his request for an evidentiary hearing is
20   denied. U.S. v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

21        Further, Truong argues a Franks hearing is necessary since
22   "the warrant affidavit is replete with omissions[,]" and there is a
23   discrepancy in the affidavit between the number of plants seen on two
24   separate occasions. (Def.'s Mot. 12:10-18.) However, "[t]o show
25   entitlement to a *Franks* hearing, the defendant must make specific
26   allegations that indicate the portions of the warrant claimed to be
27   false[; and,] . . . [t]he allegations must be accompanied by a detailed
28   offer of proof, preferably in the form of affidavits." United States v.

<u>Kiser</u>, 716 F.2d 1268, 1271 (9th Cir. 1983). Since Truong has not made a detailed offer of proof, he has not shown that he is entitled to a <u>Franks</u> hearing. Therefore, Truong's request for a <u>Franks</u> hearing is denied.

For the stated reasons, Defendant's motion to suppress and his requests for an evidentiary hearing and a <u>Franks</u> hearing are DENIED. In light of these rulings, the July 13, 2012 hearing date for the motions is converted to a status hearing.

Dated:  July 12, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge